STATE OF CONNECTICUT *v.* STEPHEN AYLWARD
(AC 24118)

Foti, Flynn and Dupont, Js.

Argued January 4—officially released March 15, 2005

*Suzanne Zitser*, assistant public defender, for the appellant (defendant).

*John A. East III*, senior assistant state's attorney, with whom, on the brief, were *James E. Thomas*, state's attorney, and *Thomas R. Garcia*, assistant state's attorney, for the appellee (state).

*Opinion*

FLYNN, J. The defendant, Stephen Aylward, appeals from the judgment of conviction of one count of burglary in the third degree in violation of General Statutes § 53a-103, rendered following his conditional plea of nolo contendere.[1] On appeal, the defendant claims that

---

[1] The defendant was also charged with criminal mischief in the second degree in violation of General Statutes § 53a-116 and larceny in the third degree in violation of General Statutes § 53a-124. The state entered a nolle prosequi as to those charges at the time the defendant entered his conditional plea of nolo contendere.

the trial court improperly denied his motions to dismiss the charges and to suppress the evidence because (1) the police had no probable cause to stop or arrest him for evading responsibility and (2) the police conducted an illegal patdown and full search of his vehicle without probable cause. We affirm the judgment of the trial court.

The following facts are relevant to our resolution of the issues raised on appeal. On October 25, 2001, Officer Eric Rocheleau of the West Hartford police department received a radio dispatch stating that a sport utility vehicle had crashed into a crosswalk pole, smashing the vehicle's rear window, while traveling backward off of an Interstate 84 entrance ramp at Park Road. Within fifteen minutes, Rocheleau observed a vehicle matching the description given in the dispatch, with a broken rear window, traveling east on Farmington Avenue. Rocheleau stopped the vehicle to investigate its connection with the evading responsibility dispatch he had received earlier. Upon approaching the vehicle, Rocheleau thought that the driver, later identified as the defendant, appeared "out of it" or "stoned," and he ordered the defendant to get out of the vehicle. Rocheleau then ordered the defendant to put his hands on the rear of the vehicle, and Rocheleau conducted a patdown of the defendant's person. During the patdown, Rocheleau found a hypodermic needle and a cooking tin in the defendant's pockets, and he arrested the defendant on charges of evading responsibility with a motor vehicle and possession of drug paraphernalia. After advising the defendant of his *Miranda* rights[2] and placing handcuffs on him, Rocheleau ordered him to sit on the curb. Rocheleau proceeded to conduct a search of the vehicle incident to arrest, in which he discovered several pieces of jewelry strewn about the interior in plain view. One

[2] *Miranda* v. *Arizona*, 384 U.S. 436, 478–79, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

of the pieces of jewelry found by Rocheleau was a Rolex watch that matched the description of a watch reported stolen in an East Hartford burglary. Pieces of jewelry were found inside the armrest of the vehicle, on the floor, in the front passenger seat, inside of envelopes, in plastic bags and inside of the center console.

On November 11, 2001, the state entered a nolle prosequi to the possession of drug paraphernalia charge on the belief that Rocheleau did not have a reasonable and articulable suspicion that the defendant possessed weapons that would justify the patdown. The defendant, then, moved for and was granted a dismissal of that charge, without objection by the state. The evading responsibility charge was docketed separately and remained viable.

On December 17, 2001, the state prepared an arrest warrant, as a result of the jewelry found in the defendant's vehicle, charging the defendant with larceny and burglary, and the defendant was arrested on February 11, 2002. The defendant filed a motion to dismiss the larceny and burglary charges, alleging that the jewelry constituted "tainted fruit" and that the use of it as evidence would violate his fifth amendment right against double jeopardy because the state had already conceded that the patdown, which preceded, and allegedly motivated, the car search, was illegal. The defendant also alleged that the charge was barred by the doctrine of collateral estoppel. The court denied the defendant's motion to dismiss on double jeopardy grounds and declined to rule on the issue of collateral estoppel pending its adjudication of a motion to suppress that the defendant also filed.

The defendant, in his motion to suppress the evidence, argued that the legality of the search was barred by the prohibition against double jeopardy and the doctrine of collateral estoppel. After an evidentiary hearing, the court, in an August 13, 2002 memorandum of deci-

sion, denied the motion to suppress, concluding that the search of the vehicle was incident to the defendant's arrest for evading responsibility and was, therefore, legal. It further concluded that the evidence obtained therefrom was not tainted. The court found no double jeopardy violation and no implication of the doctrine of collateral estoppel.

On November 18, 2002, the defendant entered a conditional plea of nolo contendere[3] to the charge of burglary in the third degree, reserving the right to appeal from the court's denial of the motions to suppress the evidence and to dismiss the charges. This appeal followed.

"Our standard of review of a trial court's findings and conclusions in connection with a motion to suppress is well defined. A finding of fact will not be disturbed unless it is clearly erroneous in view of the evidence and pleadings in the whole record . . . . [When] the legal conclusions of the court are challenged, we must determine whether they are legally and logically correct and whether they find support in the facts set out in the memorandum of decision." (Internal quotation marks omitted.) *State* v. *Mann*, 271 Conn. 300, 322–23, 857 A.2d 329 (2004).

I

The defendant claims that the police had no probable cause to stop or arrest him for evading responsibility, and, therefore, the court improperly denied his motions to suppress the evidence and to dismiss the charges. He argues that Rocheleau had no knowledge as to whether there had been damage to the crosswalk pole, nor did Rocheleau have any way of knowing whether the defen-

---

[3] General Statutes § 54-94a provides in relevant part: "When a defendant, prior to the commencement of trial, enters a plea of nolo contendere conditional on the right to take an appeal from the court's denial of the defendant's motion to suppress or motion to dismiss, the defendant after the imposition of sentence may file an appeal within the time prescribed by law . . . ."

dant was on his way to report the accident at the police station. More specifically, the defendant argues that "[t]he crime of evading [responsibility] had not been completed at the time of the police officer's stop of the defendant's car, nor did the police have probable cause to arrest him for that crime and therefore his arrest for evading [responsibility] was invalid." We disagree.

"Under the federal and Connecticut constitutions, the court uses a totality of the circumstances test in determining whether probable cause existed. . . . In reviewing a trial court's determination that probable cause to arrest existed, we consider whether [it is] legally and logically correct and whether [it] find[s] support in the facts set out in the memorandum of decision . . . . Because a trial court's determination of the existence of probable cause implicates a constitutional claim, we must review the record carefully to ensure that its determination [is] supported by substantial evidence. . . . In evaluating probable cause for a warrantless search, the court may consider all of the legally obtained facts available to a police officer, and all of the reasonable inferences that might be drawn therefrom in light of the officer's training and experience." (Citations omitted; internal quotation marks omitted.) *State* v. *Jeffreys*, 78 Conn. App. 659, 664, 828 A.2d 659, cert. denied, 266 Conn. 913, 833 A.2d 465 (2003).

Under the totality of circumstances, in the present case, there was probable cause for Rocheleau to arrest the defendant on a charge of evading responsibility. General Statutes § 14-224 (b) provides in relevant part: "Each person operating a motor vehicle who is knowingly involved in an accident which causes physical injury . . . to any other person or injury or damage to property shall at once stop and render such assistance as may be needed and shall give his name, address and operator's license number and registration number to

the person injured or to the owner of the injured or damaged property, or to any officer or witness to the physical injury to person or injury or damage to property, and if such operator of the motor vehicle causing the physical injury of any person or injury or damage to any property is unable to give his name, address and operator's license number and registration number to the person injured or the owner of the property injured or damaged, or to any witness or officer, for any reason or cause, such operator shall immediately report such physical injury of any person or injury or damage to property to a police officer, a constable, a state police officer or an inspector of motor vehicles or at the nearest police precinct or station, and shall state in such report the location and circumstances of the accident causing the physical injury of any person or the injury or damage to property and his name, address, operator's license number and registration number."

Our Supreme Court has instructed that "whether a defendant has knowledge that an accident caused injury or damage is irrelevant to the crime of evading responsibility; rather, it is a mandatory 'stop, ascertain and assist' statute, which provides criminal penalties for the failure to do so." (Internal quotation marks omitted.) *State* v. *Perkins*, 271 Conn. 218, 259, 856 A.2d 917 (2004). "The purpose of the statute on evading responsibility is to ensure that when the driver of a motor vehicle is involved in an accident, he or she will promptly stop, render any necessary assistance and identify himself or herself. The essence of the offense of evading responsibility is the failure of the driver to stop and render aid." *State* v. *Johnson*, 227 Conn. 534, 544, 630 A.2d 1059 (1993). Nevertheless, our Supreme Court has instructed that even where no aid is necessary "a commonsense reading of the [statute] indicates an intent that a person may be found guilty of evading responsibility if that person is knowingly involved in an accident, regardless

of that person's knowledge of injury or damage." Id., 543. After proving that a defendant knowingly was involved in an accident, further "[p]roof that the defendant failed to stop at the scene would [be] sufficient to support a conviction under § 14-224." *State* v. *Rosario*, 81 Conn. App. 621, 636, 841 A.2d 254, cert. denied, 268 Conn. 923, 848 A.2d 473 (2004).

The defendant does not dispute that he drove away after backing into a crosswalk pole, which smashed the rear window of his vehicle, thereby knowingly being involved in an accident. Even if the court were to believe that he may have been en route to report the accident at the police station, he failed to stop and ascertain what, if any, damage resulted from his knowingly hitting the crosswalk pole. Accordingly, he failed to comply with the statute, and Rocheleau, after determining that the vehicle matched the description of the vehicle involved in the accident, had probable cause to stop and to arrest the defendant on a charge of evading responsibility.

## II

The defendant also claims that, even if we conclude that the police had probable cause to stop his vehicle on the suspicion of evading responsibility, the court improperly denied his motions to suppress the evidence and to dismiss the charges because the police conducted an illegal patdown and full search of his vehicle without probable cause. We do not agree.

As explained in part I, Rocheleau's determination that the defendant's vehicle matched the exact description of the vehicle involved in the accident only moments before, especially in light of the smashed rear window on the defendant's vehicle, justified the stop of the vehicle. Further, the defendant's failure to stop at the scene and to assess the damages was in contravention of the mandates of § 14-224 (b). As found by the trial

court, the combination of these facts gave Rocheleau probable cause to arrest the defendant on the charge of evading responsibility on the basis of speedy information. General Statutes § 54-1f (a) provides in relevant part: "Peace officers . . . shall arrest, without previous complaint and warrant, any person for any offense in their jurisdiction, when the person is taken or apprehended in the act or on the speedy information of others . . . ."

Once the defendant was placed under arrest for evading responsibility, Rocheleau properly conducted a search of the vehicle incident to that arrest. "Ordinarily, police may not conduct a search unless they first obtain a search warrant from a neutral magistrate after establishing probable cause. . . . [A] search conducted without a warrant issued upon probable cause is per se unreasonable . . . subject only to a few specifically established and well-delineated exceptions. . . . One recognized exception to the warrant requirement is where the search has been undertaken incident to a lawful custodial arrest. . . . Under article first, § 7, of the constitution of Connecticut, our Supreme Court has recognized that the police may make a search without a warrant incidental to a lawful custodial arrest." (Citations omitted; internal quotation marks omitted.) *State v. DaEria*, 51 Conn. App. 149, 161, 721 A.2d 539 (1998), quoting *State v. Delossantos*, 211 Conn. 258, 266, 559 A.2d 164, cert. denied, 493 U.S. 866, 110 S. Ct. 188, 107 L. Ed. 2d 142 (1989); *State v. Copeland*, 205 Conn. 201, 208–13, 530 A.2d 603 (1987); *State v. Shaw*, 186 Conn. 45, 48, 438 A.2d 872 (1982); J. Bruckmann, G. Nash & J. Katz, Connecticut Criminal Caselaw Handbook (Sup. 1992) pp. 107–108.

Here, after arresting the defendant on a charge of evading responsibility, Rocheleau conducted a search incident to that arrest during which he found, in plain view, many items of jewelry strewn about the vehicle.

On the basis of these facts, the court's denial of the defendant's motion to suppress the evidence was proper.

The judgment is affirmed.

In this opinion the other judges concurred.